[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14954
Non-Argument Calendar
_____

D.C. Docket No. 4:16-cr-00032-HLM-WEJ-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CASIMIRO CARRANZA-MARTINEZ,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 13, 2018)

Before WILLIAM PRYOR, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Casimiro Carranza-Martinez appeals his 36-month sentence after pleading guilty to illegal reentry of a previously deported alien, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). This was Carranza's fourth conviction for illegally reentering the United States. And he has been removed a total of six times since 2006. In light of this history, the district court upwardly varied from the guideline range of 21 to 27 months. On appeal, Carranza argues that his sentence is unreasonable because the court relied solely on deterrence and did not give him credit for the two months he spent in Immigration and Customs Enforcement ("ICE") custody before being brought to federal court for his initial appearance. After careful review, we affirm.

We review a sentence for reasonableness, which "merely asks whether the trial court abused its discretion." *Rita v. United States*, 551 U.S. 338, 351 (2007). Ordinarily, we examine both the procedural and substantive reasonableness of the sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). Here, however, Carranza challenges the substantive reasonableness of his sentence only. We examine whether the sentence is substantively reasonable under the totality of the circumstances and in light of the sentencing factors listed in 18 U.S.C. § 3553(a). *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014).

The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including

the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  18 U.S.C. § 3553(a)(2); *see United States. v. Irey*, 612 F.3d 1160, 1196 (11th Cir. 2010) (*en banc*).  The court must also consider, among other factors, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to avoid unwarranted sentencing disparities.  18 U.S.C. § 3553(a)(1), (6).

The district court must consider all of these factors but it may, in its discretion, give greater weight to some factors over others.  *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015).   The court enjoys "substantial," but not unfettered, discretion.  *Id.* at 1255.  A court abuses its discretion if it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  *Id.* at 1256.  Carranza bears the burden of showing that the sentence "is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts."  *Id.*   In general, that means convincing us that the sentence lies outside the range of reasonable sentences dictated by the facts of the case.  *Irey*, 612 F.3d at 1190.

3

Here, Carranza's sentence is substantively reasonable.  The district court properly calculated the guideline range, expressly referenced the presentence investigation report, considered the arguments of the parties, and clearly and cogently explained the basis for the chosen sentence with reference to the record and the 18 U.S.C. § 3553(a) sentencing factors.  The court's decision to vary upward from the guideline range was supported by the record and was within its substantial discretion.  We cannot say that a sentence of 36 months for Carranza's fourth conviction of illegal reentry was outside the range of reasonable sentences based on the facts of the case.  *See Irey*, 612 F.3d at 1189–90.

Carranza's challenges to his sentence miss the mark.  First, the district court did not impose a sentence based solely on deterrence.  Far from it.  In fact, the court expressly doubted that the sentence would have any deterrent effect on Carranza, since prior prison sentences for three reentry offenses—24 months, 34 months, and 30 months—had not deterred him from returning to the United States before.  Moreover, the court cited a number of other § 3553(a) factors when explaining the basis for the sentence, including Carranza's history and characteristics, § 3553(a)(1), the need to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, § 3553(a)(2)(A), and to avoid unfair sentencing disparities, § 3553(a)(6).  In sum, the court's explanation

4

of its sentence shows it properly considered the § 3553 factors as a whole and did not place undue emphasis on the need for deterrence.

Second, we disagree with Carranza that the district court "did not address at all" his request for credit for the time he spent in ICE custody. The court expressly stated that in crafting the sentence it was "keeping in mind . . . the time that the defendant has been in custody before he came into custody of the United States Marshal" in January 2017. Carranza was in ICE custody before he came into the custody of the United States Marshal in January 2017. We therefore understand the court to be saying that it was keeping in mind his time in ICE custody when crafting the sentence.

True, the district court later omitted reference to that time when stating that it had "chosen this sentence of 36 months because he gets credit against his sentence for all the time he's been in custody since January the 3rd of this year." *Id.* at 13. But we do not read "a district judge's extemporaneous spoken words of explanation . . . as if we were reading a statute." *United States v. Cataldo*, 171 F.3d 1316, 1319 n.6 (11th Cir. 1999). And we take the district court at its (earlier) word that it kept in mind the time Carranza spent in ICE custody when crafting his sentence of 36 months. Accordingly, we reject Carranza's argument that the court imposed a substantively unreasonable sentence by failing to consider and account for his ICE custody.

5

For all of these reasons, the district court did not abuse its considerable discretion, and Carranza's sentence is substantively reasonable.

**AFFIRMED.**